UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND JAMES SMITH, JR.,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF STATE OF CALIFORNIA,<br><br>Respondent. | No. 1:19-cv-00047-JLT (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PREMATURE PETITION**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner filed a habeas petition on January 10, 2019, challenging his current detention at Atascadero State Hospital. The Court finds that it should abstain from interference in state proceedings and will therefore recommend the petition be dismissed without prejudice.

**DISCUSSION**

A.    Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th

Cir.2001).

B.     State Procedural Background

Petitioner states he is currently being detained at the Atascadero State Hospital undergoing a mental competency evaluation as ordered by the Fresno County Superior Court pursuant to Cal. Penal Code §§ 1368, 1370, 1372. (Doc. 1 at 1-2.) He states he was previously held at the Fresno County Jail for over 150 days. (Doc. 1 at 2.) He states he challenged his detention with Deputies Banuelos and Blythe, but no actions were taken by them. (Doc. 1 at 2.) Petitioner makes various vague complaints in his petition. He contends that the Fresno County Sheriff's Office and Fresno Police Department "may have continued to consider Smith, classify, and physically treat Smith as a parolee . . . after Smith completed parole and any/all probation time periods ordered by court or mandated by due process of law in or during two thousand ten (2010)." (Doc. 1 at 3.) He states he "may have already discharged [sic] parole period." (Doc. 1 at 3.) He states the Fresno County Superior Court judge "may have overlooked [his] appeal in open court in regard to Proposition 47 legislation." (Doc. 1 at 4.) He contends that the superior court "may have errored [sic] when judgment was ordered 1368 Penal Code. Smith may have already completed the period of probation and was not subject to be judged as a felon in the superior court." (Doc. 1 at 6.) He further claims that the superior court is using prior convictions which he states should be expunged from his record and no longer utilized. (Doc. 1 at 7-8.)

C.     Younger Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is

permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim. To be granted federal habeas corpus relief, the petition must have exhausted his available state remedies. 28 U.S.C. § 2254(b). The rule of exhaustion is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement can be satisfied by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971)

In this case, state proceedings are ongoing. Petitioner is in pretrial custody awaiting a competency evaluation. There is no reason to believe the trial court is not an adequate forum to seek relief for his complaints. Petitioner's allegation that there "may . . . be due process concerns" as to his custody does not merit federal intervention in state proceedings. (Doc. 1 at 1.) Further, the state appellate court and state supreme court are also adequate forums for Petitioner to seek relief, and it appears Petitioner has not availed himself of those state remedies. California has an important interest in passing upon and correcting violations of a defendant's rights. Roberts v. Dicarlo, 296 F.Supp.2d 1182, 1185 (C.D. Cal. 2002) (citing Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003). Therefore, the Court recommends abstaining from interfering in state proceedings pursuant to Younger.

**ORDER**

The Court DIRECTS the Clerk of Court to randomly assign a district judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition be DISMISSED WITHOUT PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

3

Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: **January 16, 2019**            **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE